UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHARNEE BROWN,<br><br>    Plaintiff(s),<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>    Defendant(s). | Case No. 2:25-cv-00918-NJK[1]<br><br>**ORDER**<br><br>[Docket No. 21] |

Pending before the Court is a motion to dismiss filed by Defendants S.A.F.E. Management of Nevada, LLC and Kevin Matsunaga (collectively, "S.A.F.E. Management"). Docket No. 21. Plaintiff filed a response in opposition. Docket No. 34.[2] S.A.F.E. Management filed a reply. Docket No. 40. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to dismiss is **GRANTED**.

**I.     BACKGROUND**

As alleged in the complaint, Plaintiff was a security supervisor employed by S.A.F.E. Management. *See, e.g.*, Docket No. 8 at ¶ 1. S.A.F.E. Management provided security services for Allegiant Stadium, which is operated by AEG Management Las Vegas. *See, e.g.*, *id.* at ¶ 9. Plaintiff alleges that he was assigned by S.A.F.E. Management to provide security at Allegiant Stadium for an AC/DC concert held on April 26, 2025. *See, e.g.*, *id.* at ¶¶ 8, 13.

Plaintiff alleges that there was a "crowd-control breakdown when barriers were breached and an elderly patron was violently trampled" during that concert. *Id.* at ¶ 14. Plaintiff solicited assistance from nearby police officers working for Las Vegas Metropolitan Police Department ("LVMPD"), but they allegedly rebuffed his request for assistance. *See id.* at ¶¶ 15-16. Plaintiff

---

[1] This case is proceeding before the undersigned magistrate judge as part of the opt-out consent program. *See* Docket Nos. 4-5; *see also* Gen. Order 2023-11.

[2] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

alleges that matters escalated when a police officer grabbed Plaintiff from behind, slammed him into the police vehicle, and then shoved him into a tree. *See id.* at ¶ 18. Plaintiff alleges he was improperly detained. *See id.* at ¶ 19. Plaintiff alleges that he and his wife reported the incident to LVMPD and S.A.F.E. Management. *See id.* at ¶¶ 20-21.

On May 27, 2025, Plaintiff initiated this lawsuit against S.A.F.E. Management, AEG Management Las Vegas, and LVMPD, as well as some individual defendants, seeking relief as to 13 claims. *See* Docket No. 1-2.[3] S.A.F.E. Management filed a motion to dismiss, Docket No. 21, which is the matter currently before the Court.

## II. STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Moreover, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

If a court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Indeed, the Ninth Circuit

---

[3] Plaintiff initially applied to proceed *in forma pauperis*, Docket No. 1, but then paid the filing fee, Docket No. 7. As a result, the Court did not screen the complaint and instructed the Clerk's Office to file the proposed complaint that had been submitted with the mooted application to proceed *in forma pauperis*. *See* Docket No. 9.

has a "longstanding rule that leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," which it has noted is "particularly important for the pro se litigant." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (cleaned up).

## III.  ANALYSIS

S.A.F.E. Management seeks dismissal of six different claims. The Court will address each of those claims in turn after resolving housekeeping matters.

### A.  Housekeeping Matters

Before resolving the merits of S.A.F.E. Management's motion to dismiss, the Court addresses a few housekeeping matters. First, Defendants AEG Management Las Vegas, LLC and David Avilla (collectively "AEG Management") filed a joinder to the motion to dismiss. Docket No. 27. Joinders are not permitted as a matter of right. Whether to allow a party's joinder to another party's motion is a matter entrusted to the Court's wide discretion. *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1002 (E.D. Cal. 2022). Among other problems in this case, the joinder does not explain which aspects of the multi-faceted motion to dismiss apply to AEG Management nor does it articulate how or why the defendants are similarly situated such that filing an independent motion would be redundant. The Court declines to entertain the joinder in the circumstances of this case. *Cf. Tatung Co. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D. Cal. 2016).

Second, S.A.F.E. Management asks that its motion be granted as unopposed given its contention that Plaintiff failed to sufficiently respond to its arguments in the responsive brief. *See* Docket No. 40 at 3-4. The Court may grant a motion as unopposed when the responding party fails to address the arguments raised. *See* Local Rule 7-2(d). As the text of the rule makes plain, granting a motion as unopposed is not mandatory and is a matter entrusted to the Court's wide discretion. *See, e.g.*, *Divine Wellness, LLC v. NFP Prop. & Cas. Servs., Inc.*, 2024 WL 2880285, at *2 n.3 (D. Nev. May 17, 2024). In this case, Plaintiff is appearing *pro se* and filed a written opposition to the motion. *See* Docket No. 34. Moreover, as discussed below, the Court has its own duty to correctly articulate and apply the law, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000), which duty has been triggered based on some deficiencies in the briefing.

3

Given the circumstances, the Court will not grant the motion to dismiss as unopposed in this instance. Plaintiff is cautioned moving forward, however, that he is expected to respond to all arguments made in a motion with well-developed written argument provided in the response.

Third, Plaintiff references an entitlement to discovery. Docket No. 34 at 4. Such a contention does not suffice to avoid dismissal, as "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ( (emphasis in original).

### B. Retaliation Claim

#### 1. Exhaustion

S.A.F.E. Management seeks dismissal of Plaintiff's retaliation claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction given Plaintiff's failure to allege affirmatively that he exhausted administrative remedies. *See* Docket No. 21 at 8.

The Supreme Court has clarified that Title VII's claim processing rules, while mandatory, are not jurisdictional. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 550-51 (2019). Hence, Rule 12(b)(1) is inapplicable to this type of challenge. *See, e.g.*, *Jass v. CherryRoad Techs., Inc.*, 449 F. Supp. 3d 923, 932 n.4 (D. Haw. 2020).[4] Moreover and significantly, there appears to be case law that may foreclose S.A.F.E. Management's argument that dismissal is warranted for failing to plead exhaustion. *See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) ("Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies is an affirmative defense, [so] the defendant bears the burden of pleading and proving it" (citation and internal quotation marks omitted)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("plaintiffs ordinarily need not plead on the subject of an anticipated affirmative defense"). The papers do not address this legal authority. The Court also notes that it does not appear that the timeframe for filing an administrative charge has expired at this point, *see* 42 U.S.C. § 2000e-5(e)(1) (providing that the charge must be filed within 180

---

[4] While neither party correctly identifies the law, the Court has an independent duty to articulate and apply the law. *Bateman*, 231 F.3d at 1224.

days after the allegedly unlawful employment practice occurred), *see also* Docket No. 8 at ¶ 128 (identifying alleged retaliation in May 2025), and the papers do not explain whether this defect may be cured by Plaintiff filing administrative charges now.

Given the circumstances, the Court declines to resolve this aspect of the motion to dismiss because S.A.F.E. Management did not provide briefing framed by the governing rule and addressing in meaningful fashion the pertinent case law.

### 2. Protected Activity

S.A.F.E. Management also seeks dismissal of Plaintiff's retaliation claim on the ground that Plaintiff failed to allege statutorily protected activity encompassed by Title VII. Docket No. 21 at 9-10.[5] Plaintiff counters that he alleged reporting safety violations and experiencing police abuse. *See* Docket No. 34 at 3. S.A.F.E. Management has the better argument.

To establish a *prima facie* case of Title VII retaliation, the complaint must adequately allege that: (1) the plaintiff engaged in activity protected under Title VII; (2) the plaintiff's employer subjected the plaintiff to adverse employment action; and (3) there was a causal link between the protected activity and the employer's adverse action. *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986)). Protected activity for these purposes is limited to an employee's action taken to oppose what is reasonably perceived as discrimination under Title VII. *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (without any allegation of opposing "discrimination based upon race, color, religion, sex, or national origin," the plaintiff's VII claim for retaliation for opposing discrimination failed). Courts "have consistently held that an employee who has reported OSHA violations or complained about unsafe working conditions has not engaged in statutorily protected activity." *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1299 (N.D. Cal. 2020) (collecting cases); *see*

---

[5] Plaintiff's retaliation claim is brought under both federal law and state law. *See* Docket No. 8 at p. 30 (citing Title VII and N.R.S. 613.340). The motion to dismiss includes no argument that Plaintiff's allegations are insufficient under state law. *See* Docket No. 21 at 9-10. Accordingly, the Court herein addresses only the retaliation claim under Title VII and does not address whether Plaintiff has stated a retaliation claim under state law.

5

*also Kurdi v. Cal. Dept. of Transp.*, Case No. 1:22-cv-00729-JLT-EPG, 2023 WL 267538, at *6 (E.D. Cal. Jan. 18, 2023) (collecting cases from within the Ninth Circuit).

Plaintiff alleges that he reported the subject incident internally to S.A.F.E. Management. *See* Docket No. 8 at ¶ 127. The alleged reporting addressed concerns of lack of crowd safety planning by S.A.F.E. Management. *See id.* Plaintiff does not allege that the identified activity was opposing discrimination on the basis of race, color, religion, sex, or national origin, so his alleged reporting does not fall within Title VII's statutorily protected activity.

Accordingly, the Court dismisses Plaintiff's federal retaliation claim. As it is not clear that Plaintiff cannot cure the identified deficiency, he will be given leave to amend.

### C.  Civil Rights Conspiracy

S.A.F.E. Management seeks dismissal of Plaintiff's claim for conspiracy to violate civil rights in violation of 42 U.S.C. § 1985. Docket No. 21 at 10-12. S.A.F.E. Management argues that federal law requires specific facts be pled to support such a claim, which Plaintiff has failed to do. *See id.*[6] Plaintiff counters in general terms that his allegations are well-pled, without addressing the issues specific to his conspiracy claim. *See* Docket No. 34. The Court agrees with S.A.F.E. Management.

To plead a conspiracy to interfere with civil rights under § 1985(3), a plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *United*

---

[6] The conspiracy claim is brought under both federal law and state law. *See* Docket No. 8 at p. 14 (citing 42 U.S.C. § 1985 and various provisions of state law). The motion to dismiss includes a single sentence as to the elements for bringing a civil conspiracy claim under state law, *see* Docket No. 21 at 11, but it does not address in meaningful fashion the pleading standards for stating a civil conspiracy claim under state law or that this is the type of claim being alleged by Plaintiff. Accordingly, the Court herein addresses only the conspiracy claim under § 1985 and does not address whether Plaintiff has stated a conspiracy claim under state law. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not generally consider arguments raised without meaningful development).

*Brotherhood of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)). With respect to the first element (i.e., the existence of a conspiracy), the plaintiff must allege "specific facts" to state a claim. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004). "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff's complaint fails to sufficiently allege a conspiracy. Plaintiff includes conclusory allegations of "conspiracy," "coordinated misconduct," "orchestrat[ion]," "a meeting of the minds," and the like. *See* Docket No. 8 at ¶¶ 57-61. Specific facts to support the allegation of conspiracy are not included, however. The complaint does not include specific factual allegations as to how any defendant coordinated with any other defendant.

Accordingly, the Court dismisses Plaintiff's claim for conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985. As it is not clear that Plaintiff cannot cure the identified deficiency, he will be given leave to amend.

### D.     Negligent Hiring, Training, and Retention

S.A.F.E. Management seeks dismissal of Plaintiff's claims for negligent hiring, training, and retention for failure to plead sufficient factual allegations. Docket No. 21 at 12-13. Plaintiff counters in general terms that his allegations are well-pled, without addressing the issues specific to these particular claims. *See* Docket No. 34.

The papers lump together negligent "hiring, training, and retention." "Nevada courts recognize two separate torts—one for negligent hiring and another for negligent training, supervision, and retention—but not one that merges them together." *Scheumann v. City of Las Vegas*, Case No. 2:21-cv-01405-JAD-BNW, 2024 WL 870826, at *9 (D. Nev. Feb. 29, 2024); *accord Bielicki v. USAA Cas. Ins. Co.*, Case No. 2:23-cv-01362-CDS-EJY, 2024 WL 3104576, *6 (D. Nev. June 24, 2024). "The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (quoting *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev. 1991)). "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous

7

propensities." *Id.* (quoting *Kelly v. Baker Protective Servs., Inc.*, 401 S.E.2d 585, 586 (Ga. Ct. App. 1991)). On the other hand, successfully bringing "a claim for relief alleging negligent training, retention, and/or supervision requires meeting four elements: (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Lambey v. Nevada ex rel. Dep't of Health and Hum. Servs.*, Case No. 2:07-cv-01268-RLH-PAL, 2008 WL 2704191, *4 (D. Nev. July 3, 2008). Pleading this type of claim also requires that the employer knew or should have known of the unfitness of the employees. *See Mitchell v. Eighth Judicial Dist. Ct.*, 359 P.3d 1096, 1104 (Nev. 2015) (explaining that this is an "element" of negligent hiring and negligent supervision claims).

Particularly in the context of a *pro se* litigant, the Court does not find particularly persuasive S.A.F.E. Management's overarching argument that the allegations in the complaint are conclusory and formulaic recitations of the elements of these causes of action. *See* Docket No. 8 at ¶¶ 69-74. Nonetheless, the Court does agree that the complaint fails to allege, specifically, that S.A.F.E. Management knew or should have known of the unfitness of the employees. On that ground, the Court finds that the claims are subject to dismissal.[7]

Accordingly, the Court dismisses Plaintiff's claim for negligent hiring and claim for negligent training and retention. As it is not clear that Plaintiff cannot cure the identified deficiency, he will be given leave to amend.

E.      Intentional Infliction of Emotional Distress

S.A.F.E. Management seeks dismissal of Plaintiff's claim for intentional infliction of emotional distress. Docket No. 21 at 13-14. The motion argues that it is unclear whether this claim is meant to be brought against S.A.F.E. Management and, that if it is meant to be, no allegations are made against it. *See id.* Plaintiff did not respond to this argument. The allegations

---

[7] Plaintiff's response references duties imposed by N.R.S. 41.130. *See* Docket No. 34 at 3. If this contention is being made with respect to the claim for negligent hiring and claim for negligent training and retention, Plaintiff has not explained in sufficiently meaningful fashion how or why that statutory provision alters the requirements to proceed with these claims as articulated by the Nevada Supreme Court.

8

in this section of the complaint are specific to LVMPD police officers, *see* Docket No. 8 at ¶¶ 76-80, and the claim does not appear to be meant to include S.A.F.E. Management. If Plaintiff did intend to bring this claim against S.A.F.E. Management, the complaint does not provide factual allegations regarding S.A.F.E. Management as to this claim. The claim is subject to dismissal on that ground. *See, e.g.*, *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1020-21 (N.D. Cal. 2006) (rejecting as insufficient allegations lumping together different "defendants" and explaining that the plaintiff must provide allegations specific to the different defendants).

Accordingly, the Court dismisses Plaintiff's claim for intentional infliction of emotional distress. As it is not clear that Plaintiff cannot cure the identified deficiency, he will be given leave to amend.

F.  Safety Violations

S.A.F.E. Management seeks dismissal of Plaintiff's state and federal claims for violations of safety regulations on the ground that they do not create a private cause of action. Docket No. 21 at 14. Plaintiff did not respond to this argument in direct fashion. The Court agrees with S.A.F.E. Management that neither the state nor federal safety regulations create a private cause of action. *See, e.g.*, *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994) ("OSHA violations do not themselves constitute a private cause of action for breach"); *Frith v. Harrah S. Shore Corp.*, 552 P.2d 337, 340 (Nev. 1976) ("the [Nevada] legislature did not intend to create any private civil remedy through the [Nevada] Occupational Safety and Health Act"). Accordingly, the Court dismisses this claim without leave to amend.

G.  Spoliation

S.A.F.E. Management seeks dismissal of Plaintiff's state law claim for spoliation on the ground that Nevada does not recognize that cause of action. Docket No. 21 at 14-15. Plaintiff does not provide argument on this issue. The Nevada Supreme Court has "decline[d] to recognize an independent tort for spoliation of evidence." *Timber Tech Engineered Bldg. Prods. v. The*

*Home Ins. Co.*, 55 P.3d 952, 954 (Nev. 2002).[8]  Accordingly, the Court dismisses this claim without leave to amend.[9]

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** S.A.F.E. Management's motion to dismiss. The Court dismisses with prejudice and without leave to amend Plaintiff's claims for safety violations and for spoliation.[10]  The Court dismisses with leave to amend Plaintiff's federal retaliation claim, federal claim for conspiracy to violate his civil rights, claim for negligent hiring, claim for negligent training and retention, and claim for intentional infliction of emotional distress as brought against S.A.F.E. Management and Kevin Matsunaga.

If Plaintiff believes he can cure the deficiencies identified as to the latter group of claims being dismissed with leave to amend, Plaintiff may file an amended complaint by September 16, 2025. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer

---

[8] The Court also notes that the complaint does not actually allege that evidence has been lost or destroyed, but rather that Defendants have not disclosed information to Plaintiff that he has sought. *See* Docket No. 8 at ¶¶ 119-26.

[9] S.A.F.E. Management also argues that the Court may require Plaintiff to provide a more definite statement. Docket No. 21 at 15-16. "A party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such relief is warranted when the responding party cannot ascertain the substance of the asserted claims. *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1187 (D. Nev. 2023). "Rule 12(e) motions are disfavored and rarely granted." *Id.*; *see also, e.g.*, *Jones v. Gillmore*, Civil Action No. 19-397, 2020 WL 6730821, at *8 (W.D. Penn. July 14, 2020) (noting disfavored nature particularly in light of liberal pleading standards for *pro se* litigants), *adopted* 2020 WL 4462501 (W.D. Penn. Aug. 4, 2020). S.A.F.E. Management provides generalized argument as to confusion and a failure to comply with Rule 8 pleading standards. Docket No. 21 at 15-16. S.A.F.E. Management has not shown that it is unable to reasonably prepare a response to the complaint and, indeed, this argument is presented following the presentation of S.A.F.E. Management's contentions why numerous aspects of the complaint fail to state a claim. Similarly, the other defendants were in fact able to develop a response to the complaint. *See* Docket Nos. 11, 18 (answers). Having reviewed the allegations in the complaint, the Court is not persuaded that Rule 12(e) relief is warranted.

[10] Given that the claims are not legally cognizable, these claims are dismissed as to all defendants. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

10

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

If Plaintiff chooses not to amend the complaint, then the case will proceed on the claims remaining in the original complaint.

IT IS SO ORDERED.

Dated:  August 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge