# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHARNEE BROWN,

    Plaintiff(s),

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

    Defendant(s).

Case No. 2:25-cv-00918-NJK[1]

**NOTICE**

The federal case reporters abound with pronouncements that motions to strike are highly disfavored, *e.g.*, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), rarely granted, *e.g.*, *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (*per curiam*), and commonly viewed as "time-wasters," *e.g.*, *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019).[2]  The parties have filed four motions to strike in the short time this case has been open.  The parties are encouraged to focus their energy and resources on advancing discovery and filing more impactful motion practice.  The Court expects the parties moving forward to consider carefully whether the filing of any future motion to strike is a worthwhile endeavor in light of its disfavored status.

IT IS SO ORDERED.

Dated: September 3, 2025

                                                                  _____
                                                                  Nancy J. Koppe
                                                                  United States Magistrate Judge

---

[1] This case is proceeding before the undersigned magistrate judge as part of the opt-out consent program.  *See* Docket Nos. 4-5; *see also* Gen. Order 2023-11.

[2] Most of the case law addresses motions to strike under Rule 12(f) of the Federal Rules of Civil Procedure.  Nonetheless, motions to strike invoking the Court's inherent authority are similarly disfavored, particularly when seeking to strike the filing of a *pro se* party.