**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sharnee Brown, | Case No. 2:25-cv-00918-NJK[1] |
| Plaintiff(s), | |
| v. | **ORDER** |
| | [Docket Nos. 57, 60, 61] |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendant(s). | |

Pending before the Court is Defendant Las Vegas Metropolitan Police Department's (LVMPD) motion for summary judgment. Docket No. 57.[2] Although it was not filed, Plaintiff apparently served on LVMPD a response in opposition. *See* Docket No. 63-4.[3] LVMPD filed a reply. Docket No. 63. Also pending before the Court is S.A.F.E. Management's and Kevin Matsunaga's motion for judgment on the pleadings. Docket No. 60. Also pending before the Court is Defendant David Avilla's and AEG Management Las Vegas' motion for summary judgment. Docket No. 61. Plaintiff is proceeding *pro se* and was given notice of the importance of opposing the dispositive motions. *See, e.g.*, Docket No. 62.[4] The opposition deadlines have expired, but no opposition was filed to the latter two motions. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** all three motions. The Court also **DISMISSES** the doe defendants.

---

[1] This case is proceeding before the undersigned magistrate judge as part of the opt-out consent program. *See* Docket Nos. 4-5; *see also* Gen. Order 2023-11.

[2] The Court cites herein to the CMECF pagination in the papers.

[3] In addition to not being filed, this responsive brief is not signed. *See* Docket No. 63-4 at 15; *but see* Fed. R. Civ. P. 11(a). Nonetheless, the Court will consider Plaintiff's responsive brief. The Court will also afford it a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] While his filings may be afforded liberal treatment, a *pro se* litigant is still required to comply with the rules. *See, e.g.*, *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).

## I.   BACKGROUND

As alleged in the complaint, Plaintiff was a security supervisor employed by S.A.F.E. Management. *See, e.g.*, Docket No. 8 at ¶ 1. S.A.F.E. Management provided security services for Allegiant Stadium, which is operated by AEG Management Las Vegas. *See, e.g.*, *id.* at ¶ 9. Plaintiff alleges that he was assigned by S.A.F.E. Management to provide security at Allegiant Stadium for an AC/DC concert held on April 26, 2025. *See, e.g.*, *id.* at ¶¶ 8, 13.

Plaintiff alleges that there was a "crowd-control breakdown when barriers were breached and an elderly patron was violently trampled" during that concert. *Id.* at ¶ 14. Plaintiff solicited assistance from nearby police officers working for Las Vegas Metropolitan Police Department ("LVMPD"), but they allegedly rebuffed his request for assistance. *See id.* at ¶¶ 15-16. Plaintiff alleges that matters escalated when a police officer grabbed Plaintiff from behind, slammed him into the police vehicle, and then shoved him into a tree. *See id.* at ¶ 18. Plaintiff alleges he was improperly detained. *See id.* at ¶ 19. Plaintiff alleges that he and his wife reported the incident to LVMPD and S.A.F.E. Management. *See id.* at ¶¶ 20-21.

On May 27, 2025, Plaintiff initiated this lawsuit against S.A.F.E. Management, AEG Management Las Vegas, and LVMPD, as well as some individual defendants, seeking relief as to 13 claims. *See* Docket No. 1-2. The Rule 26(f) conference took place on August 26, 2025, see Docket No. 48 at 2, at which time discovery could proceed, see Fed. R. Civ. P. 26(d)(1). Discovery closed five months later on January 23, 2026. *See* Docket No. 49 at 1.

## II.   DOE DEFENDANTS

LVMPD seeks summary judgment on behalf of doe defendant police officers on the grounds that they are entitled to qualified immunity and there is no evidence of constitutional violations. *See* Docket No. 57 at 8-15. Plaintiff opposes that request. *See* Docket No. 63-4 at 8-11. The threshold problem with this briefing is that no showing has been made that the Court properly adjudicates claims against defendants who have never been named, let alone been served with the summons and complaint. *See Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314-15 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). When doe defendants have not been identified despite the expiration of the deadline to amend, the standard practice is to dismiss those defendants without prejudice. *See Loggins v. Las Vegas Metro. Police Dept.*, 2016 WL 5791543, at *3 (D. Nev. Sept. 30, 2016) (citing *Romero v. Nevada Dept. of Corrections*, 2013 WL 6206705, *4 (D. Nev. Nov. 27, 2013)); *see also, e.g.*, *Entsminger v. Aranas*, 2021 WL 4394773, at *3 (D. Nev. Sept. 24, 2021). In this case, the deadline to amend expired five months ago, Docket No. 49 at 1, the discovery cutoff expired two months ago, *id.*, and dispositive motions have been filed. As such, the Court will dismiss without prejudice the claims against the doe defendants.[5]

## III.    MOTIONS FOR SUMMARY JUDGMENT

### A.    Standards

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, indicates "no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit" based on the governing law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "mere disagreement or the bald assertion that a genuine issue of material fact exists" is not enough to defeat summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

Because a plaintiff bears the burden of proof at trial, a moving defendant need only point to an absence of evidence on an element of the plaintiff's case. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250-

---

[5] The complaint names the doe defendants in their personal and official capacities. *See, e.g.*, Docket No. 8 at 2. An official capacity claim against a police officer would be duplicative of a claim against the government entity itself, so those claims against the officer would be subject to dismissal. *See Luke v. Abbott*, 954 F. Supp. 202, 203-04 (C.D. Cal. 1997); *see also, e.g.*, *Rodriguez v. Naphcare, Inc.*, 2020 WL 5848090, at *1 (D. Nev. Sept. 30, 2020). As explained below, LVMPD is entitled to summary judgment as to municipal liability.

3

51. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit entry of summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). "If a party fails . . . to properly address another party's assertion of fact," then "the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also Heinemann*, 731 F.3d at 917. But the nonmoving party's failure to respond does not absolve the moving party from its affirmative duty to demonstrate that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

B.      Analysis of LVMPD's Motion

Plaintiff's claims against LVMPD are brought primarily pursuant to 42 U.S.C. § 1983, alleging various constitutional violations. *See, e.g.*, Docket No. 8 at ¶¶ 28-38 (Fourth Amendment excessive force claim). To prevail on a claim for municipal liability, Plaintiff must generally establish that there was a policy, practice, or custom. *See, e.g.*, *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). As shown by LVMPD's moving papers, there is an absence of evidence showing a policy, custom, or practice from which to find that LVMPD could be subject to municipal liability. *See* Docket No. 57 at 15-18.[6] Hence, the burden is on Plaintiff to come

---

[6] Although a policy, practice, or custom is not the exclusive means of establishing municipal liability, LVMPD has also shown a lack of evidence supporting any of the alternative paths to municipal liability. *See* Docket No. 57 at 18-20 (addressing training and ratification theories).

forward in response with evidence showing a genuine dispute of material fact. Plaintiff provides no evidence in response. Instead, Plaintiff argues that his complaint sufficiently *alleges* a basis for municipal liability, Docket No. 63-4 at 12, but summary judgment cannot be defeated through reliance on allegations in the pleadings, *Anderson*, 477 U.S. at 248 (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253 (1968)). Plaintiff also argues that he did not obtain evidence due to "LVMPD's failure to properly serve discovery requests." Docket No. 63-4 at 11. Such a contention is fundamentally unsound because it was Plaintiff's obligation to serve discovery to obtain the evidence supporting his claim, not the defense's obligation to offer up such evidence to Plaintiff.[7]

As there is not a genuine dispute of material fact as to municipal liability, LVMPD is entitled to summary judgment.

        C.    Analysis of the AEG Defendants' Motion

Plaintiff's claims against the AEG Defendants are brought primarily under state law, including alleging negligent hiring, training, and retention *See* Docket No. 8 at ¶¶ 69-74; *see also* Docket No. 46 at 7-8 (identifying elements of negligent hiring tort and negligent training, supervision, and retention tort). The complaint also includes a federal claim against the AEG Defendants for civil rights conspiracy. *See* Docket No. 8 at ¶ 57-61; *see also* Docket No. 46 at 6-

---

[7] If Plaintiff's opposition brief is construed as a request for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, *see, e.g.*, Docket No. 63-4 at 4-5, 11, that request is denied. It is settled law that a district court "does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) (citation omitted). Plaintiff had ample time during the discovery period to seek to obtain evidence to support his claims. As aptly noted by LVMPD, "nothing prevented Plaintiff from producing his own evidence and/or witnesses pursuant to Fed. R. Civ. P. 26, or propounding his own written discovery requests on [LVMPD] to seek the material and information necessary to support his claims." Docket No. 63 at 8. However, Plaintiff has identified no discovery of any kind that he propounded. Instead, it appears Plaintiff sat back in the hopes that the defense would provide him evidence to support his claims against Defendants. Such a strategy is the antithesis of diligence.

5

7 (identifying elements of claim for civil rights conspiracy).[8] As shown by the AEG Defendants' motion papers, Plaintiff has adduced no evidence in support of these claims, including failing to substantiate any act or omission by the AEG Defendants. *See, e.g.*, Docket No. 61 at 6-9. In light of the above, the AEG Defendants met their burden of establishing that they are entitled to summary judgment.

## IV.  MOTION FOR JUDGMENT ON THE PLEADINGS

On February 23, 2026, the S.A.F.E. Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Docket No. 60. That motion seeks judgment on Plaintiff's state law claims for retaliation and conspiracy. *See id.*[9] The deadline to respond to the motion was March 9, 2026. *See* Local Rule 7-2(b). No response was filed, so the motion will be granted as unopposed. *See* Local Rule 7-2(d); *see also Fischer v. White*, 2025 WL 1201422, at *1 (9th Cir. Apr. 25, 2025) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) in finding that a motion for judgment on the pleadings may be granted as unopposed).

## V.  CONCLUSION

For the reasons discussed above, the Court **DISMISSES** without prejudice the doe defendants. In addition, the Court **GRANTS** LVMPD's motion for summary judgment, Docket No. 57, the S.A.F.E. Management Defendants' motion for judgment on the pleadings, Docket No. 60, and the AEG Management Defendants' motion for summary judgment, Docket No. 61. This order resolves all claims brought by Plaintiff, which leaves only the AEG Management Defendants' cross claims for indemnification and contribution. *See* Docket No. 11 at 17-22. No

---

[8] The complaint also includes a claim for spoliation, Docket No. 8 at ¶¶ 118-126, but Nevada law does not recognize that cause of action, *see* Docket No. 46 at 9-10 (citing *Timber Tech Engineered Bldg. Prods. v. The Home Ins. Co.*, 55 P.3d 952, 954 (Nev. 2002)). The complaint also includes a claim for safety violations, Docket No. 8 at ¶¶ 95-101, but no such private right of action exists, *see* Docket No. 46 at 9 (citing *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994) and *Frith v. Harrah S. Shore Corp.*, 552 P.2d 337, 340 (Nev. 1976)).

[9] These are the only remaining claims against the S.A.F.E. Defendants following the order granting in part their motion to dismiss. *See* Docket No. 46.

later than March 30, 2026, the AEG Management Defendants must file either dismissal papers for the cross claims or a notice that they intend to proceed with those claims.

IT IS SO ORDERED.

Dated: March 23, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

7